UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL ANTHONY PHELPS,

                Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                Defendant.

1:23-CV-0318 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Darryl Anthony Phelps, who is currently held in the Vernon C. Bain Center ("VCBC"), in the Bronx, New York, brings this action *pro se*. He requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). As recognized by an order of the court issued in 2012, however, Plaintiff is barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner. *See Phelps v. Berkman*, ECF 1:12-CV-1437, 44, 45 (S.D.N.Y. Aug. 29, 2012).

      Under the PLRA:

> [i]n no event shall a prisoner bring a civil action [IFP] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Although Plaintiff has filed this new federal civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he filed his complaint.[1] Instead, Plaintiff appears to assert claims arising from his

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

arrest, and from his subsequent prosecution in the New York Supreme Court, New York County. He also seems to assert claims that police assaulted him during his arrest, and that he was hospitalized thereafter. Any alleged injuries arising from that assault do not appear to have been imminent at the time of the complaint's filing, however, because Plaintiff alleges that the events giving rise to his claims occurred between December 27, 2021, and January 2022.[2] (ECF 2, at 2.) Plaintiff also seems to assert claims under admiralty law, as well as violations of federal criminal law.

Accordingly, because, under the PLRA's three-strikes provision, § 1915(g), Plaintiff is barred from filing new federal civil actions IFP while he is a prisoner, and because this action does not fall under the "imminent danger" exception to that filing-bar provision, Plaintiff is barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, under the PLRA's "three-strikes" filing bar. 28 U.S.C. § 1915(g).[3] Plaintiff remains

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff's complaint includes two signature pages. (ECF 2, at 4, 25.) With respect to the first signature page, Plaintiff's signature itself is not dated, but on that signature page, Plaintiff indicates that he submitted his complaint to VCBC officials for its delivery to the court on January 10, 2022. (*Id.* at 4.) The second signature page was notarized and dated on December 17, 2022. (*Id.* at 25.) The Court received Plaintiff's complaint on January 12, 2023. Since Plaintiff could not have submitted his complaint commencing this action before the second signature page was signed and notarized, it appears that Plaintiff did not actually submit his complaint to VCBC officials for its delivery to the court until on or about December 17, 2022, almost a year after the events that Plaintiff alleges are the bases for his claims concluded.

[3] Plaintiff may commence a new federal civil action by paying the fees to bring that action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

barred from filing any federal civil action IFP while he is a prisoner unless he is under imminent danger of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:  January 24, 2023
           New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge

---

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the fees to bring a civil action are paid) without first obtaining leave to file from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including a "leave of court" requirement).