UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL ANTHONY PHELPS,

               Plaintiff,

-against-

UNITED STATES OF AMERICA,

               Defendant.

1:23-CV-0318 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated January 24, 2023, and entered one day later, on January 25, 2023, the Court dismissed this *pro se* action without prejudice under the Prison Litigation Reform Act's "three-strikes" filing bar, 28 U.S.C. § 1915(g). (ECF 4 & 5.) On February 13, 2023, the court received from Plaintiff a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). (ECF 6.) The next day, on February 14, 2023, the court received from Plaintiff a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 7.) Seven days later, on February 21, 2023, the court received from Plaintiff an amended complaint. (ECF 8.) On February 27, 2023, the court received from Plaintiff a request for an extension of time to file an amended complaint and an additional "pleading" submission. (ECF 9-10.)

      For the reasons discussed below, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary, denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP as moot, and denies what the Court construes as Plaintiff's requests to file an amended complaint for lack of jurisdiction.

## DISCUSSION

**A.     Motion for an extension of time to file a notice of appeal**

When one of the named parties in a civil action is the United States of America, a litigant has 60 days from the entry date of the order or judgment that he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B)(i). A litigant may move, under Rule 4(a)(5), for an extension time to file a notice of appeal no later than within 30 days after the date when the period to file a timely notice of appeal has expired (a "Rule 4(a)(5) motion"). Fed. R. App. P. 4(a)(5)(A)(i).

The Clerk of Court entered the Court's order and judgment dismissing this action on January 25, 2023. Because Plaintiff sued the United States of America, he has 60 days from that date, or until March 27, 2023, to file a timely notice of appeal,[1] and 30 days from that date, or until April 26, 2023, to file a timely Rule 4(a)(5) motion.

The court received a notice of appeal from Plaintiff, who was then held in the Vernon C. Bain Center, in the Bronx, New York, on February 14, 2023, well within the period to file a timely notice of appeal. One day earlier, on February 13, 2023, the court received from Plaintiff a timely Rule 4(a)(5) motion. Because Plaintiff's notice of appeal is timely, however, his Rule 4(a)(5) motion is unnecessary. The Court therefore denies Plaintiff's Rule 4(a)(5) motion as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its January 24, 2023, order and judgment,

---

[1] Because the last day of that period actually falls on Sunday, March 26, 2023, that period is extended to the next court business day, Monday, March 27, 2023. *See* Fed. R. App. 26(a)(1)(C).

the Court certified under Section 1915(a)(3) "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 4, at 3; ECF 5), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's January 24, 2023, order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal, and his application to appeal IFP, as moot.

C.   **Requests to file an amended complaint**

The Court denies Plaintiff's requests to file an amended complaint because the Court lacks jurisdiction to consider such requests. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As discussed above, Plaintiff filed a timely notice of appeal. Thus, the Court lacks jurisdiction to consider Plaintiff's requests to file an amended complaint and, therefore, denies those requests. *See Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) ("The denial of leave to amend the complaint is within the discretion of the district court. Once a timely notice of appeal has been made to this Court, however, the district court lacks the jurisdiction to consider such an amendment.") (citations omitted); *GW Holdings Grp., LLC v. US Highland, Inc.*, No. 18-CV-4997, 2019 WL 2521139, at *1 (S.D.N.Y. May 16, 2019) ("The Court hereby holds that it is divested of the jurisdiction to decide Plaintiff's pending motion for leave to amend as (1) resolving that motion would control aspects of the case involved in the appeal and (2) it is not one of the motions that Federal Rule of Appellate Procedure 4(a)(4) allows the Court to resolve after a notice of appeal has been filed.") (citations omitted).

## CONCLUSION

The Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal (ECF 6) as unnecessary, denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP (ECF 7) as moot, and denies what the Court construes as Plaintiff's requests to file an amended complaint for lack of jurisdiction (ECF 8-10).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 21, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge